UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LEWIS R. LAROCHE                                                       PLAINTIFF

v.                                                            CIVIL ACTION NO. 3:09CV-P683-H

DR. STEVEN HILAND et al.                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Lewis R. Laroche, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

## AMENDMENT TO COMPLAINT

Before the Court considers the complaint in this matter, the Court first considers a letter from Plaintiff filed after he filed his complaint in which he states that he wants the Court to add as Defendants Dr. Howard Schiele and Cahaba Imaging, P.C., to his complaint (DN 8). The Court construes this letter as a motion to amend the complaint. Because no responsive pleading had been served, the Court **GRANTS** Plaintiff's motion to amend his complaint (DN 8). Fed. R. Civ. P. 15(a)(1)(A).[1] The Clerk of Court is **DIRECTED** to add Dr. Howard Schiele and Cahaba Imaging, P.C., as Defendants.

## I. SUMMARY OF CLAIMS

In his complaint, Plaintiff sues in their official and individual capacities Dr. Steven Hiland, institutional physician at Kentucky State Penitentiary (KSP); Channin Hiland, nurse

---

[1] That Rule has since been amended to allow a party to amend its pleading once as a matter of course within 21 days after serving it.

practitioner at KSP; Correct Care Integrated Health Services; and the Kentucky Department of Corrections (KDOC). He alleges that he broke his hip after a fall on ice on December 23, 2008, while he was incarcerated at KSP. He alleges that Defendants were deliberately indifferent to his medical needs following this injury. In particular, he alleges that Defendant Channin Hiland hid the x-ray which showed his hip fracture because she was running late for her Caribbean vacation with her husband, Defendant Steven Hiland. He also alleges that both she and Defendant Steven Hiland knew his hip was broken, yet they forced Plaintiff to walk on it for six months, including having to go up four and one-half flights of steps each day. He alleges that his hip is now deformed as a result. It appears from his complaint that he had surgery at the Western Baptist Hospital, where he was admitted from May 18, 2009, until May 28, 2009, and that after he was released from the hospital he was moved to the Kentucky State Reformatory.

With regard to Correct Care, Plaintiff states that it hires "these people" and has to be responsible for their action. "They have hired married men and women, which is against the Ky. law on nepotism, which puts the Hilands working against the law and when they personally use their power to deny inmates ... created a deliberate indifference to Plaintiff's needed medical help." He asserts that his Fifth and Fourteenth Amendment due-process rights and his Eighth Amendment right to be free from cruel and unusual punishment have been violated. He also asserts a state-law medical negligence claim.

As relief, Plaintiff requests monetary and punitive damages and injunctive relief. He attaches a number of exhibits to his complaint.

After he filed his complaint, Plaintiff filed two pages of a § 1983 form seeking to add as Defendants Dr. Howard Schiele, a subcontracted radiologist at KSP, and Cahaba Imaging, P.C,

2

subcontractor/health at KSP. The purported addendum to his complaint does not explain what claims Plaintiff is alleging against them. However, the Court notes that among the exhibits Plaintiff has submitted is a medical report dated December 24, 2008, of a consultation provided by Cahaba Imaging, P.C. signed on January 14, 2009, by Dr. Howard Schiele, "Board Certified Radiologist." That reports states that the procedure was performed on the left hip and as history states: "fell on hip." It states: "LEFT HIP: The examination shows no evidence of recent fracture or other significant bony abnormality." Another consultation note dated May 18, 2009, and signed by Dr. Schiele at the Cahaba Imaging P.C. states "there are severe arthritic changes in the left hip. Definite Fracture is not seen. If symptoms persist, however, followup would be suggested . . . ."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A.  *Monetary damages against Defendants in their official capacities and against KDOC*

Plaintiff sues Defendants Steven and Channin Hiland in their individual and official capacities. With regard to his official capacity claims, the claims brought against Defendants are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from these state officers in their official capacities, he failed to allege cognizable claims under § 1983. Moreover, Defendants are immune from monetary damages under the Eleventh Amendment. *See id.*

Because Plaintiff failed to state a claim upon which relief could be granted and because he seeks monetary relief from Defendants who are immune from such relief, the Court will dismiss the claims for monetary damages against Defendants in their official capacities.

For the same reason, the Court will dismiss the claims against KDOC. KDOC, a state agency, is not a "person" subject to suit under § 1983. *Id.*

B.  *Injunctive relief*

Plaintiff requests injunctive relief in the form of payment for future medical expenses. Plaintiff's requests for injunctive relief are moot because he is no longer incarcerated at KSP. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Those claims will therefore be dismissed.

C.  *Eighth Amendment claims*

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp*., 286 F.3d 834, 843 (6th Cir. 2002). Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842). Less flagrant conduct, however, may still evince deliberate indifference where there is "a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment." *Id.* (quoting *McElligott v. Foley,* 182 F.3d 1248, 1255 (11th Cir. 1999)). Such grossly inadequate care is "medical treatment 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

The Court will allow the Eighth Amendment individual-capacity claims against Defendants Steven and Channin Hiland, Correct Care Integrated Health, Defendant Schiele, and Defendant Cahaba Imaging to go forward.

D.    *Fifth and Fourteenth Amendment due-process claims*

Plaintiff alleges that his right not to be deprived of life or liberty without due process of law was violated. The Fourteenth Amendment Due Process Clause protects pretrial detainees in an analogous way to the Eighth Amendment's right to adequate medical treatment. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685-86 (6th Cir. 2001). The Fifth Amendment also protects pretrial detainees in certain cases. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hollenbaugh v.*

5

*Maurer*, 397 F. Supp. 2d 894, 902 n.26 (N.D. Ohio 2005). Because Plaintiff's complaint indicated that he has been convicted and is a state prisoner, his claims are properly brought under the Eighth Amendment, and the Court will dismiss his Fifth and Fourteenth Amendment claims for failure to state a claim.

### III. CONCLUSION

The Court will enter a separate order dismissing all claims against KDOC, all claims for injunctive relief, all claims for monetary damages against Defendants Steven Hiland and Channin Hiland in their official capacities, and all claims under the Fifth and Fourteenth Amendment. The Court also will enter a separate scheduling order governing the remaining claims, *i.e.*, his Eighth Amendment and state-law claims against Defendants Steven and Channin Hiland in their individual capacities, Defendant Correct Care Integrated Health Services, Defendant Schiele, and Defendant Cahaba Imaging. In permitting the remaining claims to go forward, the Court passes no judgment on the merits or ultimate outcome of this case.

Date:


cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.009